IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT GRIFFIN, | ) | 1:09-cv-01757-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING CASE FOR FAILURE TO OBEY A COURT ORDER |
| vs. | ) | (Doc. 6) |
| | ) | |
| LADRO COUNTY JAIL, | ) | ORDER FOR CLERK TO CLOSE THIS ACTION |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Robert Griffin ("Plaintiff"), is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. ¶ 1983. Plaintiff filed the complaint on September 30, 2009, at the United States District Court for the Southern District of California. (Doc. 1.) On October 6, 2009, the case was transferred to the Eastern District of California. (Doc. 3.) On November 2, 2009, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c), for all further proceedings including trial and entry of judgment, and no other party has appeared in this action. (Doc. 7.)

On October 7, 2009, the Court issued an order requiring Plaintiff to either submit an application to proceed in forma pauperis, or pay the $350 filing fee for this action, within forty-five (45) days. More than sixty (60) days have passed, and Plaintiff has not paid the filing fee, submitted an application, or otherwise responded to the Court's order.[1]

---

[1] On October 14, 2009, the United States Postal Service returned the Court's order as undeliverable, with a notation that Plaintiff's name and CDC number did not match. The Clerk corrected the record to reflect Plaintiff's CDC number from G-41132 to G-43132 and re-served the order using the corrected CDC number on October 15, 2009. On November 2, 2009, Plaintiff filed a form consenting to Magistrate Judge jurisdiction. (Doc. 7.) However, Plaintiff has not submitted any other filings or payment of the filing fee.

1

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since September 30, 2009. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by either submitting an application to proceed in forma pauperis or paying the filing fee for his lawsuit. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to resolve the filing fee for this action in the first instance and to respond to the Court's order in the second instance that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. The fact that Plaintiff has not paid the filing fee may indicate that he is indigent, which would make monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

1  Accordingly, IT IS HEREBY ORDERED that:

2  1. This action be dismissed in its entirety based on Plaintiff's failure to obey the Court's
3  order of October 7, 2009; and
4  2. The Clerk is directed to close this case.

 IT IS SO ORDERED.

 Dated: **December 21, 2009**          **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE